# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

BURNETTE AVAKIAN                                                                                      PLAINTIFF

V.                                                          CIVIL ACTION NO. 1:12-CV-00139-SA-DAS

CITIBANK N.A.                                                                                        DEFENDANT

## MEMORANDUM OPINION

This cause comes before the Court on Defendant's Motion for Summary Judgment [47]. Upon due consideration of the motion, responses, rules, and authorities, the Court finds that Defendant's Motion for Summary Judgment is not well taken and shall be DENIED.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Burnette Avakian initially brought this suit in the Chancery Court of Lowndes County, Mississippi seeking a temporary restraining order, preliminary injunctive relief, and a declaratory judgment to prevent Defendant Citibank N.A. from foreclosing on her home. Citibank removed the action to this Court and now seeks summary judgment. At issue is whether Citibank holds a valid and enforceable deed of trust pursuant to which it may foreclose on Plaintiff's property.

Along with her husband, Plaintiff purchased property in Columbus, Mississippi on September 18, 2002. The couple borrowed the purchase money from Southstar Financing, LLC, and executed a deed of trust to secure the loan. Title to the property was vested in both their names as joint tenants. In an attempt to prevent Plaintiff from being liable for the debt on the property, Plaintiff's husband executed a deed on November 2, 2004 that conveyed title to Plaintiff alone. Then, in March 2006, Plaintiff and her husband refinanced their mortgage with Citibank. Again attempting to prevent Plaintiff from incurring any liability for the debt on the

property, the Avakians sought to take out the new loan in Plaintiff's husband's name only. However, as title was vested in Plaintiff's name, Citibank required both Plaintiff and her husband to execute a deed of trust.

At the time of the closing, Plaintiff's husband was out of state. Rather than delay the closing, Citibank forwarded one set of loan documents to Plaintiff's husband for him to execute and return and had Plaintiff execute a second set the following day.[1] This resulted in two deeds of trust on the property – one executed only by Plaintiff's husband on March 7, 2006 and one executed only by Plaintiff on March 8, 2006. Each deed of trust was recorded as a separate instrument with the Chancery Clerk of Lowndes County, Mississippi.

Citibank now seeks to foreclose on the deed of trust signed only by Plaintiff and Plaintiff brought this action seeking a declaration from the Court that the deed of trust is invalid and to prevent Citibank from foreclosing. Citibank has filed a motion for summary judgment.

## SUMMARY JUDGMENT STANDARD

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when the evidence reveals no genuine dispute regarding any material fact and the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

---

[1] The parties dispute the reason for this unusual arrangement. Citibank contends the closing was conducted in such a way as an accommodation to Plaintiff and her husband at their request. Plaintiff, however, contends the decision to have her and her husband sign separate deeds of trust was Citibank's alone. Though disputed, this issue of fact is immaterial and does not preclude summary judgment.

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Id. at 323, 106 S. Ct. 2548. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324, 106 S. Ct. 2548 (citation omitted). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir.1994) (en banc).

However, "where . . . the evidentiary facts are not disputed, a court in a non-jury case may grant summary judgment if trial would not enhance its ability to draw inferences and conclusions." Am. Century Proprietary Holdings, Inc. v. Am. Century Cas. Co., 295 F. App'x 630, 634 (5th Cir. 2008) (quoting Nunez v. Superior Oil Co., 572 F.2d 1119, 1124 (5th Cir. 1978)). "When the judge, as trier of fact, is in such a position, he ought to draw his inferences without resort to the expense of trial." Id. (internal quotations omitted). See also Prof'l Geophysics, Inc. v. Placid Oil Co. (In re Placid Oil Co.), 932 F.2d 394, 398 (5th Cir. 1991) ("We follow the Nunez court in recognizing that it makes little sense to forbid the judge from drawing inferences from the evidence submitted on summary judgment when that same judge will act as the trier of fact, unless those inferences involve issues of witness credibility or disputed material facts."). Thus, "in cases like the one at hand, where the relevant facts are not in dispute and the critical questions turn purely on legal rights and relationships, summary judgment is appropriately considered." Canal Ins. Co. v. Owens, 2011 WL 4833045 at *2 (S.D. Miss. Oct. 12, 2011).

**ANALYSIS AND DISCUSSION**

<u>Citibank's Motion for Summary Judgment</u>

The parties agree that no genuine dispute of material fact exists with regard to the issues raised by Defendant's motion. Therefore, the task before the Court is to determine whether the law favors those arguments set forth by Citibank or those set forth by Plaintiff. Because this is a case of diversity jurisdiction, the Court must apply state substantive law pursuant to the "Erie Doctrine." <u>Krieser v. Hobbs</u>, 166 F.3d 736, 739 (5th Cir.1999) (citing <u>Erie R. Co. v. Tompkins</u>, 304 U.S. 64, 79–80, 58 S. Ct. 817, 82 L. Ed. 188 (1938)). "[The] court is <u>Erie</u>-bound to apply state law as it currently exists, and may not change that law or adopt innovative theories of recovery." <u>Solomon v. Walgreen Co.</u>, 975 F.2d 1086, 1089 (5th Cir. 1992) (citing <u>Jackson v. Johns–Manville Sales Corp.</u>, 781 F.2d 394, 396–97 (5th Cir.1986); <u>United Parcel Serv., Inc. v. Weben Indus., Inc.</u>, 794 F.2d 1005, 1008 (5th Cir.1986)).

*Mississippi Homestead Rights*

Plaintiff claims Citibank is precluded from foreclosing on her property because it constitutes homestead property under Mississippi law and Citibank's deed of trust was not executed by both spouses. Section 89-1-29 of the Mississippi Code states:

> A conveyance, mortgage, deed of trust or other encumbrance upon a homestead exempted from execution shall not be valid or binding unless signed by the spouse of the owner if the owner is married and living with the spouse or by an attorney in fact for the spouse.

In briefing the instant motion, the parties do not dispute that the property at issue was subject to the homestead exemption or that the deed of trust at issue was signed only by Plaintiff.[2]

---

[2] On December 12, 2013, the Court issued an Order to Show Cause [63], notifying the parties of the possibility of a finding of summary judgment in favor of Plaintiff pursuant to Federal Rule of Civil Procedure 56(f)(1). In response, Citibank argues there are genuine disputes of material fact as to whether Plaintiff was entitled to homestead protections. For the sake of clarity, the Court reserves discussion of this issue, as well as those issues raised by the parties in response to the Court's Order Requiring Additional Briefing [72], for the latter portion of this opinion.

Instead, Citibank argues that the homestead exemption may be waived when mutual contemporaneous assent of the spouses is demonstrated, regardless of whether both spouses execute the same physical document. In support of this argument, Citibank cites several cases evincing the importance of mutual assent as the key factor in determining whether the homestead exemption has been waived. However, Citibank cites no case wherein a deed of trust on homestead property has been held valid under Mississippi law without the signature of both spouses or where separate deeds of trust, each executed by a single spouse, have been found sufficient to waive homestead protections when taken together. Though the importance of mutual assent is clearly established by the applicable case law, the Court is not persuaded that the authority cited by Citibank goes so far as to negate the established precedent requiring both spouses to sign the same instrument in order to waive the exemption. Rather, Mississippi law is clear that:

> [t]he Mississippi Legislature, by the enactment of Miss. Code Ann. § 89–1–29, has elected to place a restriction on the transfer or encumbrance of homesteads. There can be no operative conveyance unless there is strict compliance with the statute and no requirement of the statute may be waived by the husband and wife or by either of them.

Marlow, LLC v. Bellsouth Telecomm., Inc., 2011 WL 381807 at *3 (S.D. Miss. Feb. 3, 2011) (citing Ward v. Ward, 517 So. 2d 571 (Miss. 1987)). Further, "[t]he validity of [a] deed of trust is judged by the circumstances existing at the time of its execution." Craddock v. Brinkley, 671 So. 2d 662, 665 (Miss. 1996) (citing Hughes v. Hahn, 46 So. 2d 587, 589 (Miss. 1951)). "Subsequent actions by the spouse who failed to join in the execution cannot cure the invalidity of the instrument." Id. (citing Welborn v. Lowe, 504 So. 2d 205, 206 (Miss. 1987)).

Though in the case of Howell v. Hill the Mississippi Supreme Court did hold a deed of trust on homestead property to be valid where the signatures of the spouses were separated by

some eight months, both spouses eventually signed the *same* instrument with the full knowledge and consent of each. 48 So. 177, 177 (Miss. 1909). Here, though it is undisputed that Plaintiff executed the second deed of trust with the knowledge and consent of her husband, she did in fact execute a *second* instrument. Thus, Plaintiff's actions did nothing to validate the first instrument signed only by her husband. Additionally, Citibank does not seek to foreclose on the first deed of trust but on the second, which was executed only by Plaintiff and as to which no action was taken to conform it to the requirements of the statute. "The Mississippi Supreme Court has steadfastly held that a deed of trust on a homestead, executed by [one spouse] alone, is void." In re Ramsey, 424 B.R. 217, 221 (Bankr. N.D. Miss. 2009) (collecting cases).

In interpreting Section 89-1-29, the Mississippi Supreme Court has said that it "is a clear, unambiguous statute. Thus, we must apply its plain meaning." Countrywide Home Loans, Inc. v. Parker, 975 So. 2d 233, 234 (Miss. 2008). As the Fifth Circuit has recognized, under Mississippi law "[a] homestead occupied by husband and wife cannot be conveyed without the signature of both spouses, and any deed made without both signatures is absolutely void and passes no title." In re Northlake Dev., L.L.C., 614 F.3d 140, 144 (5th Cir. 2010). Given that the deed of trust at issue here was not executed by both spouses, the Court finds that it fails to meet the statutory requirements for conveyances of homestead property.

*Equitable Subrogation*

However, Citibank argues that, even if Plaintiff did not waive her homestead exemption right, it is still entitled to be equitably subrogated to the rights and privileges of the purchase money lender, including the right to foreclose on the property. See Spence v. Clarke, 120 So. 195, 196 (Miss. 1929) ("The mortgagee has the right to enforce, or foreclose, his mortgage, without regard to the solvency or insolvency of the mortgagor, and in that respect the person

6

subrogated succeeds to all the rights of the mortgagee."). "Because equitable subrogation is a state-law doctrine, whether equitable subrogation applies . . . presents a question of Mississippi law . . . ." In re Shavers, 418 B.R. 589, 604 (Bankr. S.D. Miss. 2009).

Mississippi has long held that "[t]he equitable doctrine of subrogation applies whenever any person, other than a mere volunteer, pays a debt or demand which in equity and good conscience should have been paid by another, or where one finds it necessary for his own protection to pay the debt for which another is liable." First Nat'l Bank of Jackson v. Huff, 441 So. 2d 1317, 1319 (Miss. 1983) (citing Prestridge v. Lazar, 95 So. 837 (Miss. 1923)). Further, "[o]ne who on the security of a mortgage advances money, at the instance of the owner of the land mortgaged, to discharge a lien on the land is not a volunteer within the rule denying him the benefit of subrogation; and that the lien to which he seeks to be subrogated was intended to be, and was, paid, is immaterial, although the security given is ineffective because of defects therein." Russell v. Grisham, 170 So. 900, 901 (Miss. 1936) (internal citations omitted).

"The determination of whether subrogation is applicable is a factual determination of each particular case with consideration of fairness and justice as its guiding principles." Huff, 441 So. 2d at 1319. In situations governed by Section 89-1-29, the Mississippi Supreme Court has previously declined to impose equitable liens. See Countrywide, 975 So. 2d at 234-35. In Countrywide, the Mississippi Supreme Court held that it had no authority to issue "equitable liens in cases where a statute declares that the lien is not valid or binding." Id. In that case, the Mississippi Supreme Court declared the relevant deed of trust invalid because it encumbered homestead property but was signed by only one spouse. Id. at 234. Notably, the Court refused to impose an equitable lien despite the deficiency in the deed of trust having resulted from the executing spouse's intentional deception of the lender. Id. In the case at bar, Citibank itself

7

prepared the separate deeds of trust and facilitated their execution in the manner giving rise to the present controversy, further weighing against Citibank's cries for consideration of the equities.[3]

Citibank has offered no authority in which a Mississippi court imposed an equitable lien on homestead property involving a deed of trust executed by only one spouse. Thus, in light of the Mississippi Supreme Court's holding in <u>Countrywide</u>, the Court finds it lacks the authority to impose an equitable lien in the present case. <u>See</u> <u>In re Ramsey</u>, 424 B.R. at 226 ("This Court declines to impose an equitable lien in a situation governed by Section 89-1-29, when it appears that the Mississippi Supreme Court has never done so.").

Additionally, even were the Court to find it had the authority to impose an equitable lien in the instant circumstances, it is clear that under Mississippi law the equitable doctrine of subrogation creates a cause of action and that Citibank's claim, if asserted, would be barred by the applicable statute of limitations. Though Citibank argues in its Motion for Summary Judgment [47] that it is entitled to be equitably subrogated to the prior lien on Plaintiff's property, it has not filed a counterclaim asserting such a right. Instead, Citibank attempts to treat equitable subrogation as an affirmative defense, arguing that it put Plaintiff on notice of its intent to pursue all available equitable rights through its pleading of other affirmative defenses such as estoppel and payment. However, in countering Plaintiff's argument that its equitable subrogation claim is barred by the statute of limitations, Citibank appears to concede that equitable subrogation is a right of action, arguing that its "right to sue" has not yet become vested.

---

[3] The Court notes only that the documents were prepared by Citibank and makes no determination with regard *why* two deeds of trust were prepared. As previously stated, this issue is disputed by the parties but is immaterial.

Under Mississippi law, "[t]he right of action by a subrogee accrues when and not before the date of the payment or payments which make him a subrogee. The statute of limitations would begin to run against him, therefore, from and not before the date or dates of such payments by him." Neely v. Johnson-Barksdale Co., 12 So. 2d 924, 925 (Miss. 1943); see also Burton v. John Hancock Mut. Life Ins. Co., 157 So. 525, 526 (Miss. 1934). Given such precedent specifically applying a statute of limitations to the right of equitable subrogation, it is clear that Mississippi law treats the doctrine of equitable subrogation as a cause of action and not as an affirmative defense. Citibank's argument that its right of action for equitable subrogation would not arise until the Court finds Citibank's deed of trust invalid is simply incorrect. Assuming for purposes of the instant motion that the property was homestead property, Citibank's deed of trust was invalid at the time of execution, and therefore, any right of action for equitable subrogation accrued at the time Citibank satisfied Plaintiff's purchase-money mortgage debt.

Mississippi's general statute of limitations is codified by statute at Section 15-1-49 of the Mississippi Code. "All actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after." Miss. Code Ann. § 15-1-49(1). The Avakians refinanced their home in March 2006, at which time Citibank paid the outstanding amount of the purchase-money mortgage debt on the property and any cause of action for equitable subrogation accrued. Citibank took no action to establish and enforce its right to be subrogated to the prior lien until after Plaintiff instituted the instant action in May 2012, more than six years later. Thus, Citibank's claim of equitable subrogation,

in addition to not being pled as a cause of action or counterclaimed, is now barred by the statute of limitations and cannot be sustained.[4]

## Newly Raised Disputes of Fact

Pursuant to Federal Rule of Civil Procedure 56(f)(1), and in light of the parties' contentions in the briefing of Citibank's Motion for Summary Judgment that no genuine disputes of material fact existed in this matter, the Court issued an Order to Show Cause [63] as to why a ruling on the instant motion should not be dispositive, whether the motion was granted or denied. In response, Citibank argues that there are genuine disputes of fact regarding whether Plaintiff was entitled to a homestead exemption and whether Plaintiff's husband claimed the home as a homestead. In support of its contention, Citibank submits the affidavit of Gregory D. Andrew, the Tax Assessor and Tax Collector for Lowndes County, Mississippi, as well as copies of applications for homestead exemption filed by Plaintiff and her husband and other public records. Citibank also claims in its supplemental response to the Court's order that it is asserting a number of affirmative defenses which involve issues of fact.

Seeking clarification regarding these newly raised issues, the Court issued an Order Requiring Additional Briefing [72] on January 10, 2014. Based upon the parties' responses, the Court now addresses the following issues: (1) whether Plaintiff and her husband were living together at the time the deed of trust at issue was executed and whether such a determination would affect the application of the homestead protections of Section 89-1-29; (2) whether Plaintiff and/or her husband used the property for commercial purposes at the time the deed of trust at issue was executed and whether such a determination would affect the application of the

---

[4] Whereas the Court has determined that the doctrine of equitable subrogation is inapplicable on other grounds, the Court need not address Plaintiff's argument that Citibank has waived any claim to such relief. Accordingly, Citibank's Objection to Certain of Plaintiff's Exhibits [52], which Plaintiff filed in support of her waiver argument, is moot.

homestead protections of Section 89-1-29; and (3) whether any affirmative defenses asserted by Citibank involve genuine disputes of material fact that would necessitate a trial.

As to the first issue, the homestead protections of Section 89-1-29 clearly apply only to married couples who live together. Miss. Code. Ann. § 89-1-29 ("A . . . deed of trust . . . upon a homestead exempted from execution shall not be valid or binding unless signed by the spouse of the owner *if the owner is married and living with the spouse* . . . .") (emphasis added). As the Fifth Circuit has recognized, "[t]he requirement that the owner be living with the spouse is essential in determining whether encumbered property is homestead" and "the question whether an owner of property is living with a spouse is factual." Merchants Nat'l Bank, Vicksburg v. Se. Fire Ins. Co., Inc., 751 F.2d 771, 777 (5th Cir. 1985) (citing Hendry v. Hendry, 300 So. 2d 147, 149 (Miss. 1974); Philan v. Turner, 13 So. 2d 819, 821 (1943)). Further, "[w]hen a husband removes himself from homestead property without any intent to return and his wife consents, the homestead is abandoned, notwithstanding the wife's continued residence on the land." Id. (citing Lewis v. Ladner, 172 So. 312, 313-14 (Miss. 1937)).

Citibank contends that Plaintiff and her husband were not living together at the time the deed of trust was executed. In support of this argument, Citibank submits to the Court records from the office of the Tax Assessor and Collector of Lowndes County, Mississippi showing that Plaintiff applied for a homestead tax exemption in 2005, listing her marital status as "separated."[5] In response, Plaintiff contends that she and her husband were never separated and that "[a]t trial, she will offer testimony from herself, friends and family to demonstrate this. She will also introduce documents to refute the notion that she and her husband were separated."

---

[5] These records are attached as exhibits to the affidavit of Gregory D. Andrews, Lowndes County Tax Assessor/Collector. In his affidavit, Andrews states Plaintiff "filed for homestead exemption in her name only and applied with a marital status of 'separated'" each year from 2005 to 2008. Plaintiff submits a letter signed by Andrews in which he now seeks to correct those statements. In the letter, Andrews states Plaintiff "physically signed up for homestead" in 2005 and made no changes until 2009.

11

Based upon the plain language of the statute, the Court finds the issue of whether Plaintiff and her husband were living together at the relevant time to be material and disputed and appropriate for trial.

With regard to the second issue, Plaintiff is correct in her contention that the filing of an application for a homestead tax exemption is irrelevant to the determination of whether the protections of Section 89-1-29 apply. See e.g. Snoddy v. Snoddy, 791 So. 2d 333, 342 (Miss. Ct. App. 2001) ("Whether they claimed it on their tax return or not, the property was still the homestead. The family lived there from 1984 until the present, and used the land as their residence. It was clearly their homestead.")  However, "[t]o constitute a homestead there must be actual occupation and use of the premises as a home for the family." Thurman v. Thurman, 770 So. 2d 1015, 1016 (Miss. Ct. App. 2000).  Indeed, in the case of non-contiguous parcels of land, the Mississippi Supreme Court has commented that "the controlling factor is whether or not the property is being devoted to homestead purposes and uses consistent with the purpose and use to which his home tract is devoted." Shows v. Watkins, 485 So. 2d 288, 291 (Miss. 1986) (quoting Horton v. Horton, 48 So. 2d 850, 855 (1950)).

Still, "the statutes granting homestead exemption are entitled to be liberally construed. . . ." Daily v. City of Gulfport, 54 So. 2d 485, 487 (Miss. 1951).  The Mississippi Supreme Court has held that:

> [t]he homestead right is a favored one in the law, and the courts will not be on the alert to defeat the assertion of those rights. Whenever there is serious doubt as to whether or not property is or is not a homestead, the doubt should be solved, in favor of the exemptionist, sustaining, instead of defeating, the estate, which is created by a sound legal policy.

Levis-Zukoski Mercantile Co. v. McIntyre, 47 So. 435, 436 (Miss. 1908).  In the present case, Citibank has offered no authority holding that property which is occupied and used as a home

may not constitute a homestead, subject to the statutory requirements of Section 89-1-29, if it is also used for business or commercial purposes. Moreover, the Court has found no such authority in its own research. Though there may be disputes of fact as to whether and/or when Plaintiff operated a business at the subject property, such disputes are insufficient to preclude summary judgment absent some basis in law that their resolution would affect the outcome of this matter. Finding no such basis, these disputes of fact are not material to the question of whether Plaintiff was entitled to the protections of Section 89-1-29. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted.").

As to the third issue, Citibank asserts six affirmative defenses that it claims involve issues of fact requiring the Court to resolve this matter through trial: waiver, estoppel, ratification, laches, and recoupment. Having reviewed each asserted defense, the Court finds no such genuine disputes of material fact.

Citibank argues that Plaintiff has waived her rights under Section 89-1-29. However, the Mississippi Supreme Court has clearly stated that "no requirement of the statute may be waived by the husband and wife or by either of them." Ward v. Ward, 517 So. 2d 571, 573 (Miss. 1987). Accordingly, the Court finds Citibank's argument to be without merit. Further, as the Court has previously recognized, "[t]here can be no operative conveyance unless there is strict compliance with the statute . . . ." Marlow, LLC, 2011 WL 381807 at *3 (citing Ward, 517 So. 2d at 573). Thus, the Court finds Citibank's reliance on the principles of estoppel and ratification to likewise be without merit.

Citibank also asserts the doctrine of laches, arguing that Plaintiff failed to assert her rights in a reasonable amount of time. However, as already stated, "[t]he validity of the deed of trust is judged by the circumstances existing at the time of its execution." Craddock, 671 So. 2d at 665. Plaintiff's husband did not sign the deed of trust as required by Section 89–1–29. Subsequent actions or events cannot cure the invalidity of the instrument. See Welborn, 504 So. 2d at 207 ("The cases are legion construing the above section to mean that a conveyance of homestead without a spouse joining in the execution of the deed is absolutely void. No subsequent action by the non-joining spouse cures the invalidity of it."); Ramsey, 424 B.R. at 224-25 ("[A]ny period of silence on the part of [the non-signing husband] after [the wife's] forgery cannot make legitimate the Deed of Trust that was null and void from the beginning."). Though Citibank asserts the defense of laches based upon the silence of the executing spouse rather than the non-executing spouse, the Court finds the principle to be the same. Cummings v. Busby, 62 Miss. 195, 197 (1884). If the subject property was subject to the statutory requirements of Section 89-1-29 at the time of the execution of the deed of trust at issue, the Court finds no subsequent action by Plaintiff could validate the necessarily void deed of trust.

Finally, Citibank asserts the affirmative defense of "recoupment," claiming that Mississippi law requires the reduction of any damages awarded to Plaintiff. As Citibank admits "there are no disputed facts relevant to this defense," the Court finds this issue to be purely legal in nature. More importantly, however, recoupment is not an affirmative defense under Mississippi law. Prior to the adoption of the Mississippi Rules of Civil Procedure:

> [r]ecoupment, at common law, [wa]s the right of the defendant, in the same action, to cut down the plaintiff's demand either because the plaintiff has not complied with some cross obligation of the contract on which he sues, or because he has violated some duty which the law has imposed on him in the making or performance of that contract.

Criss v. Bailey, 137 So. 2d 160, 162 (Miss. 1962) (citations omitted). Unlike a set-off, a claim interposed by way of recoupment:

> (1) . . . ar[ose] out of matters connected with the transaction or contract on which the plaintiff's cause of action [wa]s founded. (2) It matter[ed] not whether it be liquidated or unliquidated. (3) It [wa]s not dependent on any statutory regulation, but it [wa]s controlled by the principles of the common law.

Id. at 163.

The adoption of Rule 13 of the Mississippi Rules of Civil Procedure replaced the common law doctrine of recoupment with the more liberal, modern rules regarding counterclaims. Caterpillar Fin. Servs. Corp. v. Burroughs Diesel, Inc., 125 So. 3d 659, 673 (Miss. Ct. App. 2013) ("Under Rule 13(a), some claims may now be asserted as counter-claims which heretofore could have been interposed only by way of recoupment or set-off at law, or by cross-bill in equity."); Miss. R. Civ. P. 81(f) ("*Plea of recoupment* or *recoupment* shall refer to a compulsory counterclaim") (emphasis in original). Though recoupment, as a common law means for a defendant to bring a claim against a plaintiff, was limited only to defensive application, Criss, 137 So. 2d at 163, "Rule 13(a) . . . makes it immaterial whether the counterclaim . . . has any connection whatever with the plaintiff's claim." Miss. R. Civ. P. 13(a). Thus, even if recoupment was at one time akin to an affirmative defense under Mississippi law, this is clearly no longer the case. Accordingly, the Court finds that Citibank's assertion of recoupment as an affirmative defense is without merit and an insufficient basis to require this matter to proceed to trial.

*Conclusion*

For the foregoing reasons, the Court finds that, in order to be valid, a deed of trust on a homestead must be signed by both spouses pursuant to Section 89-1-29 of the Mississippi Code. Additionally, the Court finds that it lacks the authority to impose an equitable lien in situations

15

governed by Section 89-1-29. Further, the Court finds that under Mississippi law the doctrine of equitable subrogation must be pled as a cause of action and is subject to a statute of limitations. Accordingly, Defendant's Motion for Summary Judgment [47] is DENIED.

The Court also finds the only genuine dispute of material fact to be whether Plaintiff and her husband were living together at the time of the execution of the deed of trust at issue such that Section 89-1-29 would apply. As such, the Court hereby GRANTS summary judgment in part in favor of Plaintiff and orders that this matter shall proceed to trial on this sole remaining issue. A separate order to that effect shall issue this day.

SO ORDERED on this, the 30th day of January, 2014.

  /s/ Sharion Aycock                 
**UNITED STATES DISTRICT JUDGE**