**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**BURNETTE AVAKIAN**                                                                             **PLAINTIFF**

**V.**                                          **CIVIL ACTION NO. 1:12-CV-139-SA-DAS**

**CITIBANK, N.A.**                                                                  **DEFENDANT**

## ORDER ON MOTION IN LIMINE

Presently before the Court is Defendant's Motion in Limine [68]. Defendant seeks an order from the Court excluding from trial certain documents originally produced by Plaintiff in response to Defendant's Motion for Summary Judgment [47]. Specifically, Defendant seeks to exclude three letters allegedly written by foreclosure counsel, counsel for Defendant, and a title insurer regarding various title issues in this case [49-3, 49-4, 49-5]. Plaintiff submitted these documents in support of her argument that Defendant had waived its right to be equitably subrogated to an earlier lien against the subject property.

Defendant contends these documents cannot be presented in a form that would be admissible in evidence and further argues:

> these letters are nothing more than the notifications and responses between representatives of the insured lender and the insurer as to coverage and claims issues, and contain the mental impressions of foreclosure counsel, counsel for the Defendant and the title insurer, none of which are relevant to the issues currently before this Court.

Defendant previously raised these same arguments in its Objection to Certain of Plaintiff's Exhibits [52] filed pursuant Federal Rule of Civil Procedure 56(c)(2). In its Memorandum Opinion [80] dated January 30, 2014, the Court found the doctrine of equitable subrogation inapplicable to the case at bar on other grounds and therefore found

2

Defendant's objection moot. Further, the Court found the only genuine dispute of material fact to be whether Plaintiff and her husband were living together at the time of the deed of trust at issue. It is on this sole issue that this matter proceeds to trial.

Whereas the issues to which these documents relate have been resolved and do not remain for trial, the Court finds Defendant's Motion in Limine [68] is MOOT. Should Plaintiff seek to introduce these documents at trial, Defendant may renew its objections at that time.

SO ORDERED, this the 4th day of February, 2014.

        /s/ Sharion Aycock_____
        UNITED STATES DISTRICT JUDGE