IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

BURNETTE AVAKIAN                                                                    PLAINTIFF

V.                                                      CIVIL ACTION NO. 1:12-CV-00139-SA-DAS

CITIBANK N.A.                                                                        DEFENDANT

## ORDER DENYING STAY PENDING APPEAL

This cause comes before the Court on Defendant's Motion for Stay Pending Appeal or For a Supersedeas Bond [104].[1] Upon due consideration of the motion, responses, rules, and authorities, the Court finds Defendant's motion is not well taken and is DENIED.

Plaintiff initially brought this action in the Chancery Court of Lowndes County, Mississippi, seeking a declaratory judgment that the deed of trust held by Defendant against Plaintiff's home was void and unenforceable, as well as injunctive relief preventing Defendant from attempting to foreclose on the property. Following Defendant's removal of this matter to federal court, this Court denied Defendant's motion for summary judgment while simultaneously granting summary judgment in part in favor of Plaintiff pursuant to Federal Rule of Civil Procedure 56(f)(1). Following a bench trial, the Court then entered final judgment in favor of Plaintiff on February 10, 2014. Defendant filed its Notice of Appeal on March 10, 2014.

---

[1] The Court notes that the automatic stay upon posting of a supersedeas bond allowed under Federal Rule of Civil Procedure 62(d) is inapplicable in the case at bar as Plaintiff's claims at trial included a request for injunctive relief and the Court's judgment did not bind Defendant to pay a specific sum or money. See FED. R. CIV. P. 62(d) ("If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2)."); FED. R. CIV. P. 62(a)(1) ("[U]nless the court orders otherwise, the following are not stayed after being entered, even if an appeal is taken: (1) an interlocutory or final judgment in an action for an injunction . . . ."); Hebert v. Exxon Corp., 953 F.2d 936, 938-39 (5th Cir. 1992) (explaining that the application of Rule 62(d) is limited to monetary judgments); Bridgefield Cas. Ins. Co. v. River Oaks Mgmt., Inc., 2013 WL 5934434, at*1 (E.D. La. Nov. 4, 2013) (relying on Hebert in finding no authority to issue a Rule 62(d) stay pending appeal of nonmonetary declaratory judgment).

Defendant now moves this Court for an order staying its judgment pending appeal pursuant to Federal Rule of Appellate Procedure 8 and Federal Rule of Civil Procedure 62. When deciding whether to issue a stay pending appeal, the Court must consider four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

Hilton v. Braunskill, 481 U.S. 770, 776, 107 S. Ct. 2113, 95 L. Ed. 2d 724 (1987). Further, the Fifth Circuit has recognized that the burden of proving the necessity of a stay is on the party seeking the stay. Drummond v. Fulton Cnty. Dep't of Family & Children's Servs., 532 F.2d 1001, 1002 (5th Cir. 1976) (per curiam).

Though the Supreme Court has held that "[t]he first two factors . . . are the most critical," Nken v. Holder, 556 U.S. 418, 434, 129 S. Ct. 1749, 173 L. Ed. 2d 550 (2009), the Fifth Circuit has explained that:

> on motions for stay pending appeal the movant need not always show a "probability" of success on the merits; instead, the movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of granting the stay.

Ruiz v. Estelle, 650 F.2d 555, 565 (5th Cir. 1981) (per curiam) (citations omitted). Still,

> [l]ikelihood of success remains a prerequisite in the usual case and [o]nly if the balance of equities (*i.e.* consideration of the other three factors) is ... *heavily tilted* in the movant's favor will [the Fifth Circuit] issue a stay in its absence, and, even then, the issue must be one with patent substantial merit.

United States v. Transocean Deepwater Drilling, Inc., 537 F. App'x 358, 361 (5th Cir. 2013) (per curiam) (emphasis in original) (internal quotation marks and citations omitted).

Defendant argues exclusively that the balancing of the equities weighs heavily in favor of a stay and does not specifically address its likelihood of success on the merits, stating only that "[t]his Court's decisions regarding the validity of the deed of trust, the availability of equitable

subrogation, and the availability of Citibank's asserted defenses involved Erie guesses as to matters where Mississippi law is not well defined." The Court finds that such an observation, standing alone, does not establish that Defendant has a substantial case on the merits. See Nken, 556 U.S. at 420, 129 S. Ct. 1749 ("The first factor, a strong showing of a likelihood of success on the merits, requires more than a mere possibility that relief will be granted.").

Further, Defendant fails to establish that it will be irreparably injured absent a stay. Defendant argues that absent a stay, Plaintiff would be able to clear title to the property and a bona fide purchaser might take title free of any interest Defendant might have should it succeed on appeal. However, Defendant itself admits in its rebuttal memorandum that such concerns are merely speculative. As Defendant states:

> Ms. Avakian has provided the Court with no evidence that she is actively marketing the property for sale or that she plans to do so. Ms. Avakian has provided the Court with no evidence that anyone has offered to purchase the property or intends to do so. Further, Ms. Avakian has provided the Court with no evidence that she is seeking to take out a loan secured by the property or that she intends to do so.

The Fifth Circuit has recognized that "simply showing some possibility of irreparable injury fails to satisfy the second factor." Voting for Am., Inc. v. Andrade, 488 F. App'x 890, 906 (5th Cir. 2012) (quoting Nken, 556 U.S. at 434–35, 129 S. Ct. 1749) (internal quotation marks omitted). Thus, the Court finds that Defendant has failed to establish that this factor weighs in its favor.

Though Plaintiff does not oppose the granting of a stay pending appeal, "[a] stay 'is not a matter of right . . . .'" Planned Parenthood of Greater Tex. Surgical Health Servs. v. Abbott, 734 F.3d 406, 410 (5th Cir. 2013) (quoting Nken, 556 U.S. at 427, 129 S. Ct. 1749). Rather, "[a] stay pending appeal is an 'extraordinary remedy,'" Voting for Am., Inc., 488 F. App'x at 905 (quoting Belcher v. Birmingham Trust Nat'l Bank, 395 F.2d 685, 685 (5th Cir. 1968)), and "an 'intrusion into the ordinary processes of administration and judicial review.'" Id. (quoting Nken,

3

556 U.S. at 426–27, 129 S. Ct. 1749). A stay is "an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." Id. (quoting Nken, 556 U.S. at 433, 129 S. Ct. 1749).

The Court finds that in the case at bar, Defendant's failure to establish its likely success on the merits or any irreparable harm in the absence of a stay prevents the Court from exercising its discretion to stay its judgment in this matter. Even were the Court to find that the last two factors, that a stay would not substantially injure Plaintiff and would serve the public interest, weigh in Defendant's favor, such a showing would not be enough to justify the issuance of a stay pending appeal. Accordingly, Defendant's motion is DENIED.

SO ORDERED on this, the 10th day of April, 2014.

    /s/ Sharion Aycock            
**UNITED STATES DISTRICT JUDGE**