IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

BURNETTE AVAKIAN                                                                                   PLAINTIFF

V.                                                                    CIVIL ACTION NO. 1:12-CV-00139-SA-DAS

CITIBANK N.A.                                                                                      DEFENDANT

MEMORANDUM OPINION

Presently before the Court are Defendant's Motion for Entry of Final Judgment [120], Motion for Sur-reply [128], and Motion to Substitute, Renewed Motion for Entry of Final Judgment, and Motion to Withdraw [133], as well as Plaintiff's Motion to Stay [121] and Motion to Dismiss [129]. Having duly considered the motions, responses, rules, and authorities, the Court finds as follows:

*Factual and Procedural Background*

This action originated in the Chancery Court of Lowndes County, Mississippi and arises from a dispute regarding Defendant Citibank N.A.'s ("Citibank") right to foreclose on Plaintiff Burnette Avakian's home.

Plaintiff and her husband purchased the subject property on September 18, 2002 and executed a deed of trust to secure a loan for the purchase from Southstar Financing, LLC. Title to the property was vested in both their names as joint tenants. On November 2, 2004, Plaintiff's husband executed a deed that conveyed title in the property to Plaintiff alone. Then, in March 2006, Plaintiff and her husband refinanced their mortgage with Citibank and attempted to take out the new loan only in Plaintiff's husband's name. It is undisputed that the Avakians were attempting to structure the ownership and debt on the property in such a way as to prevent Plaintiff from incurring any liability for the debt in the event of her husband's death. In other

words, the Avakians believed that by vesting title to the property in Plaintiff's name only and placing the debt only in the name of her husband, Plaintiff would not be liable for the debt. However, as title was vested in Plaintiff's name, Citibank required both Plaintiff and her husband to execute a deed of trust. Plaintiff and her husband each signed separate deeds of trust on the property.[1] After the death of her husband, Plaintiff defaulted on the loan, and Citibank sought to foreclose on the deed of trust executed by Plaintiff.

Plaintiff filed suit on May 8, 2012 seeking a declaratory judgment that the deed of trust on her property is void and unenforceable, as well as a temporary restraining order and preliminary injunction preventing Citibank[2] from foreclosing, and Citibank thereafter timely removed to this Court. Plaintiff claimed that, under Mississippi law, the subject property qualified as homestead property and that any deed of trust must be signed by both spouses in order to be valid. Whereas the deed of trust at issue had not been signed by Plaintiff's husband, she argued that it was void and that Citibank had no legal right to foreclose. Citibank filed a motion for summary judgment [47].

After considering the motion and responses, as well as additional briefing filed by the parties in response to the Court's Order to Show Cause [63] and Order Requiring Additional Briefing [72], the Court found: (1) a deed of trust on homestead property must be signed by both spouses pursuant to Section 89-1-29 of the Mississippi Code in order to be valid; (2) the Court lacked the authority to impose an equitable lien in situations governed by Section 89-1-29; (3) the doctrine of equitable subrogation must be pled as a cause of action and is subject to a statute

---

[1] Plaintiff's husband was out of state at the time of the closing and rather than delay the closing, Citibank forwarded one set of loan documents to Plaintiff's husband for him to execute and return and had Plaintiff execute a second set the following day. This resulted in two deeds of trust on the property – one executed only by Plaintiff's husband on March 7, 2006 and one executed only by Plaintiff on March 8, 2006. Each deed of trust was recorded as a separate instrument with the Chancery Clerk of Lowndes County, Mississippi.

[2] Nationwide Trustee Services, Inc., also originally named as a defendant, was dismissed from this action without prejudice by stipulation [21] on October 16, 2012.

of limitations under Mississippi law; and (4) the only genuine dispute of material fact existing was whether Plaintiff and her husband were living together at the time of the execution of the deed of trust at issue such that Section 89-1-29 would apply. Accordingly, the Court denied Defendant's Motion for Summary Judgment [47], granted summary judgment in part to Plaintiff, and proceeded to trial on the single factual issue of whether Plaintiff and her husband were living together at the time of the subject transaction such that the protections of Section 89-1-29 would apply.

Following a short bench trial on February 10, 2014, the Court entered final judgment in favor of Plaintiff, finding that Plaintiff and her husband were married and living together at the time the deeds of trust at issue were executed, and as such, the subject property was homestead property under Mississippi law and the deeds of trust were therefore void. Citibank appealed. On December 9, 2014, the Fifth Circuit Court of Appeals reversed this Court's declaratory judgment, holding that "the Mississippi Supreme Court would likely construe the two identical deeds of trust [executed by the Avakians] as together creating a valid deed of trust signed by both spouses" and remanded for further proceedings. *Avakian v. Citibank, N.A.*, 773 F.3d 647, 653 (5th Cir. 2014).

*Analysis and Discussion*

Motion to Dismiss and Motion to Substitute

Citibank has now filed a Motion for Entry of Final Judgment [120]. In response, Plaintiff filed a Motion to Stay [121], requesting the Court stay this action pending the outcome of a separate proceeding in the Chancery Court of Lowndes County, Mississippi instituted by

Plaintiff on January 30, 2015. Plaintiff now seeks to withdraw that motion[3] and requests the Court dismiss this action without prejudice [129], arguing it became moot on December 3, 2012 when Wilmington Trust, N.A. ("Wilmington") succeeded Citibank as trustee for the lienholder. Citibank has responded by filing a Motion to Substitute [133] and renewing its request for entry of final judgment.

Essentially, the issue now before the Court is whether the transfer of Citibank's interest as trustee to Wilmington mooted this action or whether it was proper for Citibank to continue as the named defendant even after it ceased to have any interest in the subject property. Despite Plaintiff's contentions to the contrary, the Court finds that Rule 25 of the Federal Rules of Civil Procedure necessitates a finding of the latter.

Rule 25(c) states that when "an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." FED. R. CIV. P. 25(c). As Citibank has argued, the language of Rule 25(c) is permissive – while the Court *may* order the substitution of a transferee, it is not required to do so in order for the action to continue. *F.D.I.C. v. SLE, Inc.*, 722 F.3d 264, 267 (5th Cir. 2013) ("Addressing [the issue of whether a party's failure to substitute as a transferee under Rule 25(c) and (a)(3) eliminated that party's constitutional standing] requires us to determine whether Rules 25(c) and (a)(3) impose a substitution requirement. . . . [W]e conclude that they do not."); *see also* 7C Wright, Miller & Kane, Federal Practice & Procedure: Civil 3d § 1958, at 691–701 (3d ed.) ("The most significant feature of Rule 25(c) is that it does not require that anything be done after an interest has been transferred. The action may be

---

[3] Similarly, Citibank has requested permission to withdraw its Motion for Sur-reply [128] relating to Plaintiff's motion to stay. In light of the latter filed motions currently pending, the Court grants both Plaintiff and Citibank leave to withdraw their motions.

continued by or against the original party, and *the judgment will be binding on the successor in interest even though the successor is not named.*") (emphasis added).

Plaintiff does not dispute that Wilmington succeeded Citibank as trustee on December 3, 2012. In fact, Plaintiff relies upon the complete transfer of Citibank's interest to Wilmington in arguing that this action is now moot because Citibank no longer has any interest in the outcome. Plaintiff offers no authority, however, to rebut the clear language of Rule 25(c) other than to contend that the rule's purpose is not to create new relationships among parties. While the Fifth Circuit explained this principle in *Matter of Covington Grain Co., Inc.*, it also went on to state that the rule "is designed to allow the action to continue unabated when an interest in the lawsuit changes hands." 638 F.2d 1362, 1364 (5th Cir. 1981). Thus, the Fifth Circuit has long recognized that Rule 25(c) allows for the continuation of an action in the exact instance presently before the Court, and Plaintiff's argument that Citibank lacked standing to represent Wilmington's interests such that this matter became moot lacks merit.[4]

## Motions for Entry of Final Judgment

This Court's previous entry of final judgment in favor of Plaintiff was predicated upon its determination that the deeds of trust at issue were void under the provisions of Mississippi Code § 89-1-29.[5] In light of the Fifth Circuit's holding that "the Mississippi Supreme Court would likely construe the two identical deeds of trust [executed by the Avakians] as together creating a

---

[4] Plaintiff makes much of Citibank's failure to notify her or the Court of the transfer of its interest to Wilmington. However, as it is clear that under Rule 25(c) neither Citibank nor Wilmington was required to request a substitution of parties in order for this action to go forward, it is equally clear that neither party could be required to give such notice. Similarly, Plaintiff argues that Wilmington should not be substituted because Citibank's motion is untimely and inconsistent. Again, whereas there is no requirement that such a motion be filed at all, it cannot be said that Citibank was bound to make its request within a certain time frame. *See F.D.I.C.,* 722 F.3d at 268 ("Simply put, to read a substitution requirement into Rules 25(c) and (a)(3) misconstrues their plain terms.").

[5] "A conveyance, mortgage, deed of trust or other incumbrance upon a homestead exempted from execution shall not be valid or binding unless signed by the spouse of the owner if the owner is married and living with the spouse . . . ." Miss. Code. Ann. § 89-1-29.

5

valid deed of trust signed by both spouses," *Avakian*, 773 F.3d at 653, the Court must now find that Plaintiff waived her homestead exemption right and that Section 89-1-29 does not therefore prevent Wilmington Trust, as trustee for the lienholder, from foreclosing on the deed of trust.

*Conclusion*

Accordingly, Plaintiff's Motion to Dismiss [129] is DENIED. Additionally, though not required, the Court is persuaded that, in the interest of clarity and to avoid confusion, substitution of Wilmington Trust is proper here. Thus, Citibank's Motion to Substitute [133] is GRANTED. Further, Citibank's Motion and Renewed Motion for Entry of Final Judgment [120, 133] are GRANTED. Final Judgment shall be entered this day by separate order.

SO ORDERED on this, the 4th day of August, 2015.

    /s/ Sharion Aycock
**U.S. DISTRICT JUDGE**